IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| THOMAS A. MANN, II AND | : | Case No. 19-24142-JCM |
| BETH A. MANN, | : | Chapter 13 |
|     *Debtors.* | : | |
| STEIDL AND STEINBERG, P.C., | : | Related to Doc. No. 149 |
|     *Applicant,* | : | |
|     v. | : | |
| OFFICE OF THE U.S. TRUSTEE, RONDA | : | |
| J. WINNECOUR, TRUSTEE, PA DEPT. | : | |
| OF REVENUE, CAPITAL ONE BANK, | : | |
| CAVALRY SPV, CHASE-AMAZON, | : | |
| CREDIT ACCEPTANCE, CREDIT ONE | : | |
| BANK, FINGERHUT, FIRST | : | |
| UNIVERSAL FINANCE CO., | : | |
| JEFFERSON CAPITAL SYSTEMS, LVNV | : | |
| FUNDING, MIDLAND FUNDING, PRA | : | |
| RECEIVABLES MANAGEMENT, | : | |
| PENNYMAC LOAN SERVICING, | : | |
| PEOPLES GAS CO., PORTFOLIO | : | |
| RECOVERY ASSOC., SYNCHRONY | : | |
| BANK, TW PHILLIPS GAS & OIL CO., | : | |
| UPMC, UPMC HEALTH SERVICES, | : | |
| UNIVERSAL FINANCE, WALMART, | : | |
| WEST PENN POWER, WOODFOREST | : | |
| NATIONAL BANK, ZOCAL LOAN CO., | : | |
|     *Respondents.* | : | |
| | : | |

## **ORDER**

On February 4, 2025 a hearing was held on the ***Application for Final Compensation by Counsel for Debtors*** filed on January 6, 2025 ("Fee Application") (Doc. 149).  At the hearing, the Court explained the issues with the Fee Application, primarily that the retainer agreement executed by the Debtors and attached to the Fee Application as Exhibit A which states in Paragraphs 1(e) and (f) that:

> (e)    The $4,0000.00 in legal fees and the $500.00 expense charge comprise the "no look fee" as defined in Local Bankruptcy Rule 2016-1(f) ***and will ordinarily be the total amount charged for your Chapter 13 case.***  (emphasis added).

1

>   (f)    If ***unforeseen circumstances arise in your case* and** the services performed and/or the expenses incurred in the preparation and administration of your case exceed the services and/or expenses contemplated by the court in setting the $4,000 "no-look" legal fee or the $500 "no -look" expense charge, Steidl & Steinberg, P.C. will opt-out of the no-look fee arrangement and will file a Fee Application with the Bankruptcy Court for approval of the fees earned and costs incurred beyond the amounts already charged… (emphasis added).

The Fee Application did not assert any unforeseen circumstances in this case and did not at any point attempt to support or justify the requested fees of $15,480.00, a fee almost four times the agreed upon no-look fee, beyond the attachment of the alleged time spent. In order for Counsel to seek fees beyond the "no look fee," the Fee Agreement, as drafted by Counsel, requires that "unforeseen circumstances arise in the case" AND the billing records show that the time and billing exceed the $4,000 fee. The Court questioned Counsel regarding the unforeseen circumstances that arose in this case, and Counsel explained that the unforeseen circumstance here was that the billed amounts exceeded the no-look fee. Merely billing above the no-look fee does not satisfy the two-part test of the retainer agreement that requires both unforeseen circumstances and billings in excess of the no look fee.

Where no unforeseen circumstances arise in a case, Counsel cannot simply rely upon excess billing. Upon review of the docket in this case, the majority of Counsel's time addressed the preparation and filing of required documents in a typical Chapter 13 case as well as necessary amendments to wage attachment motions and objections to claims. None of these filing events appear to be "unforeseen." Likewise, at the time of the hearing, Counsel was unable to assert any particular facts of this case that were unforeseen. Therefore, the Court finds that there were no unforeseen circumstances that arose in this case that would warrant deviation from the standard no-look fee.

Furthermore, upon review of Counsel's time sheets, there are numerous repeated billing entries that are concerning to the Court. First, it is troublesome to the Court that almost every billing entry from the Paralegal amounts to .3 hours (108 out of 126 entries). The Court finds it difficult to believe that the various administrative tasks performed by the Paralegal would all take between

thirteen and eighteen minutes to complete, many of which were simple one-to-three-page filings on CM/ECF. Further, there were five boilerplate objections to claim prepared by Counsel for the Debtor that were each billed at .8 hours, solely for the preparation of the objection. Based on the length of the objections (four simple paragraphs) and the basic issue raised (expiration of the statute of limitations), the Court does not find it reasonable that each of these tasks would take between forty-three and forty-eight minutes for a competent attorney to complete. Therefore, the Court finds that the requested fees are not reasonable and cannot be approved pursuant to 11 U.S.C. § 330.

AND NOW, this **5th** day of **February 2025**, for the reasons stated above, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the *Application for Final Compensation by Counsel for Debtors* (Doc. 149) is **DENIED**.

BY THE COURT:

_____jlm
John C. Melaragno, Judge
United States Bankruptcy Court

SIGNED
2/5/25 11:31 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

3

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-24142-JCM |
| Thomas A. Mann, II | Chapter 13 |
| Beth A. Mann | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Feb 05, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 07, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Thomas A. Mann, II, Beth A. Mann, 565 Franklin St., Freeport, PA 16229-1217 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 07, 2025           Signature:           /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 5, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brent J. Lemon | on behalf of Creditor PENNYMAC LOAN SERVICES  LLC blemon@kmllawgroup.com, lemondropper75@hotmail.com |
| Denise Carlon | on behalf of Creditor PENNYMAC LOAN SERVICES  LLC dcarlon@kmllawgroup.com |
| Kenneth Steidl | on behalf of Joint Debtor Beth A. Mann julie.steidl@steidl-steinberg.com ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@steidl-steinberg.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com |
| Kenneth Steidl | on behalf of Debtor Thomas A. Mann  II julie.steidl@steidl-steinberg.com, ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@steidl-steinberg.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com |

| District/off: 0315-2 | User: auto | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Feb 05, 2025 | Form ID: pdf900 | Total Noticed: 1 |

Maria Miksich
    on behalf of Creditor PENNYMAC LOAN SERVICES LLC mmiksich@kmllawgroup.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

S. James Wallace
    on behalf of Creditor Peoples Gas Company LLC f/k/a Peoples TWP LLC ecfpeoples@grblaw.com, PNGbankruptcy@peoples-gas.com

TOTAL: 8